UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| CRAIG KINDEL, | } | |
| ON BEHALF OF HIMSELF AND | } | |
| ALL OTHERS SIMILIARLY SITUATED, | } | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | 2:17-cv-04717-JFB-SIL |
| | } | |
| TRANSWORD SYSTEMS INC., | } | |
| THE NATIONAL COLLEGIATE FUNDING LLC, | } | |
| NATIONAL COLLEGIATE STUDENT LOAN | } | |
| TRUST 2006-1, | } | |
| NATIONAL COLLEGIATE STUDENT LOAN | } | |
| TRUST 2006-2, AND | } | |
| NATIONAL COLLEGIATE STUDENT LOAN | } | |
| TRUST 2007-1, | } | |
| | } | |
| Defendants. | } | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Craig Kindel [hereinafter "Kindel"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Transworld Systems, Inc. ("Transworld"), The National Collegiate Funding LLC, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and National Collegiate Student Loan Trust 2007-1, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Transworld's regular transaction of business within this district.  Venue in this district also is proper based on Transworld possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection

Agency" in New York City which includes this district.  Transworld also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Kindel is a natural person who resides at 81 Green Lane, Levittown, NY  11756.

6. Kindel is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity.  See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015).

8. Forster & Garbus, LLP [hereinafter "F&G"] possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

9. On the second page of Exhibit A, Exhibit B, and Exhibit C, F&G sets forth that it is a debt collector attempting to collect an alleged debt.  Exhibit A Exhibit B, and Exhibit C, contain disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

10. Based upon Exhibit A, Exhibit B, and Exhibit C, and upon F&G possessing a license from

the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. Based upon the allegations in the above four paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

12. Transworld is a California Domestic Corporation and a New York Foreign Corporation with a principal place of business of 500 Virginia Drive, Ste. 514, Ft. Washington, PA 19034.

13. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Transworld possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".]

14. Transworld operates an "Attorney Network business unit which is the agent and "Service Provider" (defined in Exhibit D) for fifteen Delaware statutory trusts including Defendants National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and National Collegiate Student Loan Trust 2007-1.  See Exhibit D.

15. Based on Exhibit D, the principal purpose of Transworld is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

16. Based upon the allegations in the above three paragraphs, Transworld is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. On March 18, 2016, F&G at the request and/or with the authority of Transworld and on behalf of National Collegiate Student Loan Trust 2006-1 filed and subsequently served Exhibit A on Kindel.

18. On March 18, 2016, F&G at the request and/or with the authority of Transworld and on behalf of National Collegiate Student Loan Trust 2006-2 filed and subsequently served Exhibit B on Kindel.

19. On March 18, 2016, F&G at the request and/or with the authority of Transworld and on behalf of National Collegiate Student Loan Trust 2007-1 filed and subsequently served Exhibit C on Kindel.

20. For the reasons set forth below, Kindel's receipt and reading of Exhibit A, Exhibit B, and Exhibit C, deprived Kindel of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

21. Per Exhibit A, Exhibit B, and Exhibit C, Exhibit A, Exhibit B, and Exhibit C were filed and served to attempt to collect from Kindel an educational loan debt.  Also, Exhibit A, Exhibit B, and Exhibit C was an attempt to collect these past due debts from Kindel in his individual capacity.  Therefore, the past due debts at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. The National Collegiate Funding LLC is a corporation with a principal place of business of c/o Wilmington Trust Company, as Owner Trustee, 100 North Market Street, Wilmington, DE  19890.

23. National Collegiate Student Loan Trust 2006-1 is a Delaware Statutory Trust with a principal place of business at c/o Wilmington Trust Company, as Owner Trustee, 100 North Market Street, Wilmington, DE 19890.

24. National Collegiate Student Loan Trust 2006-2 is a Delaware Statutory Trust with a principal place of business at c/o Wilmington Trust Company, as Owner Trustee, 100 North Market Street, Wilmington, DE 19890.

25. National Collegiate Student Loan Trust 2007-1 is a Delaware Statutory Trust with a principal place of business at c/o Wilmington Trust Company, as Owner Trustee, 100 North Market Street, Wilmington, DE 19890.

### FIRST CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

27. Exhibit A, Exhibit B, and Exhibit C each directly or indirectly represented to Kindel and the court that National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and National Collegiate Student Loan Trust 2007-1, respectively had standing and/or a legal right to file and/or serve Exhibit A, Exhibit B, and Exhibit C and/or to obtain a Judgment for the amounts sought in Exhibit A, Exhibit B, and Exhibit C, respectively.

28. As set forth in Exhibit A, Exhibit B, and Exhibit C, the educational loan debts referred to in Exhibit A, Exhibit B, and Exhibit C did not originate with Defendants National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and National Collegiate Student Loan Trust 2007-1.

29. The educational loan debts referred to in Exhibit A, Exhibit B, and Exhibit C were assigned, sold, or transferred one or more times before Defendants National Collegiate Student Loan

Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and National Collegiate Student Loan Trust 2007-1 allegedly became the owner of the educational loan debts.

30. Prior to the filing and/or service of Exhibit A, Exhibit B, and Exhibit C, Kindel did not receive a notice of the assignment, transfer, or sale from each and every prior assignor of the educational loan debt.

31. Prior to the filing and/or service of Exhibit A, Exhibit B, and Exhibit C, Kindel was not sent a notice of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt.  In the alternative, prior to the filing and/or service of Exhibit A, Exhibit B, and Exhibit C, there did not exist the ability to produce a document showing that Kindel was sent a notice of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt and/or the date on which Kindel received such notice.

32. Prior to the filing and/or service of Exhibit A, Exhibit B, and Exhibit C, there did not exist the ability to produce a document showing a complete chain of title from the entity that originated the educational loan debt to National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and National Collegiate Student Loan Trust 2007-1, respectively.

33. For the reasons set forth in the above paragraphs 28-31 and/or 32, notwithstanding and separate and apart from NY CPLR 5019(c), pursuant to New York common law, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and National Collegiate Student Loan Trust 2007-1, respectively did not have standing and/or a legal right to file and/or serve Exhibit A, Exhibit B, and Exhibit C and/or to obtain a Judgment for the amounts sought in Exhibit A, Exhibit B, and Exhibit C, respectively.

34. Prior to filing and/or serving Exhibit A, Exhibit B, and Exhibit C, F&G did not request, possess, and/or or review any documentation regarding the chain of title and/or the notice to Kindel of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt.  Therefore, F&G failed to conduct a "meaningful attorney review" prior to filing and/or serving Exhibit A, Exhibit B, and Exhibit C.

35. Transworld, on behalf of itself and National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and National Collegiate Student Loan Trust 2007-1, issued work standards, directives, and/or guidelines to F&G which contained instructions, controls, and rules governing the steps F&G could and could not take to attempt to collect debts including the filing and prosecution of lawsuits.  These instructions, controls, and rules included the types of account documents F&G could request or obtain at various stages of a debt collection lawsuit.   These instructions, controls, and rules controlled and/or substantially effected all the actions F&G took regarding the attempt to collection the educational loan debts via Exhibit A, Exhibit B, and Exhibit C.

36. All the actions alleged in this Complaint taken by F&G were taken by F&G as the attorney and/or "debt collector" for, on behalf of or at the request of the "debt collector" Transworld.

37. Based on the allegations in paragraphs 34 and 35 of this Complaint, Transworld is vicariously liable for the actions of F&G in attempting to collect the educational loan debts via the filing and/or service of Exhibit A, Exhibit B, and Exhibit C.

38. Prior to F&G filing and/or serving Exhibit A, Exhibit B, and Exhibit C, Transworld refused to provide to F&G or prohibited F&G from requesting any documentation regarding the chain of title and/or the notice to Kindel of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt.  In the alternative, Transworld authorized

F&G to file and/or serve Exhibit A, Exhibit B, and Exhibit C without F&G requesting or possessing any documentation regarding the chain of title and/or the notice to Kindel of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt. In the alternative, prior to F&G filing and/or serving Exhibit A, Exhibit B, and Exhibit C, Transword knew or should have known that there did not exist the ability to produce a document showing that Kindel was sent a notice of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt and/or the date on which Kindel received such notice and there did not exist the ability to produce a complete chain of title.

39. For the reasons set forth above, F&G attempting to collect the educational loan debts via the filing and/or service of Exhibit A, Exhibit B, and Exhibit C amounted to a violation by Transworld of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and/or 15 USC 1692f (1).

## SECOND CAUSE OF ACTION-CLASS CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

41. Upon information and belief, F&G filed and/or served Exhibit A, Exhibit B, and Exhibit C outside the statute of limitations as regards either the entire educational loan debt or the portion of the educational loan debt that was due prior to any acceleration of the educational loan debt to the extent allowed by the applicable statute of limitations and any tolling or forbearance of the applicable statute of limitations.

42. Prior to filing and/or serving Exhibit A, Exhibit B, and Exhibit C, F&G did not request, possess, and/or or review any documentation regarding the date on which Kindel last made a

payment and/or any forbearances.  Therefore, F&G failed to conduct a "meaningful attorney review" prior to filing and/or serving Exhibit A, Exhibit B, and Exhibit C.

43. Transworld, on behalf of itself and National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and National Collegiate Student Loan Trust 2007-1, issued work standards, directives, and/or guidelines to F&G which contained instructions, controls, and rules governing the steps F&G could and could not take to attempt to collect debts including the filing and prosecution of lawsuits.  These instructions, controls, and rules included the types of account documents F&G could request or obtain at various stages of a debt collection lawsuit.   These instructions, controls, and rules controlled and/or substantially effected all the actions F&G took regarding the attempt to collection the educational loan debts via Exhibit A, Exhibit B, and Exhibit C.

44. All the actions alleged in this Complaint taken by F&G were taken by F&G as the attorney and/or "debt collector" for, on behalf of or at the request of the "debt collector" Transworld.

45. Based on the allegations in paragraphs 34 and 35 of this Complaint, Transworld is vicariously liable for the actions of F&G in attempting to collect the educational loan debts via the filing and/or service of Exhibit A, Exhibit B, and Exhibit C.

46. Prior to F&G filing and/or serving Exhibit A, Exhibit B, and Exhibit C, Transworld refused to provide to F&G or prohibited F&G from requesting any documentation regarding the date on which Kindel last made a payment and/or any forbearances.   In the alternative, Transworld authorized F&G to file and/or serve Exhibit A, Exhibit B, and Exhibit C without F&G requesting or possessing any documentation regarding the chain of title and/or the notice to Kindel of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt.

47. For the reasons set forth above, F&G attempting to collect the educational loan debts via the filing and/or service of Exhibit A, Exhibit B, and Exhibit C amounted to a violation by Transworld of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and/or 15 USC 1692f (1).

### THIRD CAUSE OF ACTION-CLASS CLAIM

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-47 of this Complaint.

49. Based on the allegations set forth in this Complaint, the filing and/or service of Exhibit A, Exhibit B, and Exhibit C by F&G was deceptive or misleading.

50. The filing and/or service of Exhibit A, Exhibit B, and Exhibit C by F&G was consumer oriented for the following reasons:

   a. They were directed at Plaintiff;

   b. Plaintiff is a consumers;

   c. The conduct at issue against Plaintiff, a consumer, affected or had the potential to affect similarly situated consumers; and

   d. Defendants regularly attempt to collect student loans and other consumer debts from hundreds or thousands of consumers. The same or similar violations of the FDCPA as set forth in this Complaint were directed at numerous numbers of these consumers.

51. Plaintiff suffered injuries as a result of the deceptive or misleading actions including but not limited to the aforementioned violations of his rights under the FDCPA, the cost of retaining an attorney to defend him, and the emotional distress of being sued.

52. For the same reasons as set forth in the prior causes of action in this Complaint, Transworld

is vicariously liable and/or directly responsible for each of the aforementioned actions, misrepresentations, and violations of the FDCPA set forth above.

53. The actions by F&G and Transworld set forth in this Complaint were done by F&G and Transworld as the attorney and/or agent of and for the benefit of National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and National Collegiate Student Loan Trust 2007-1.

54. The actions by F&G and Transworld set forth in this Complaint were done by F&G and Transworld with the knowledge and/or authority of National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and National Collegiate Student Loan Trust 2007-1.

55. In light of the allegations in this cause of action, each of the aforementioned actions, misrepresentations, and violations of the FDCPA set forth above constitute a violation of General Business Law 349 by Defendants.

## CLASS ALLEGATIONS

56. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

57. The class consist of  (a) all consumers (b) sued in New York State on behalf of National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, and/or National Collegiate Student Loan Trust 2007-1 within 3 years of the date of the filing of this lawsuit.

58. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

59. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

60. The predominant common question is whether Defendant's letters violate the FDCPA.

61. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

62. A class action is the superior means of adjudicating this dispute.

63. Individual cases are not economically feasible.

      **WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, actual damages, and punitive in an amount to be determined at trial plus costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:          October 3, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709